BOLIN, Judge.
By credit deed plaintiff sold defendant certain realty, the debt being evidenced by a note executed coincidentally with the deed. Controversy arose over an interpretation of the note, focused principally on whether the note bore interest from its date. Tender by defendant of $630 as full payment was refused and plaintiff sued and recovered judgment for the claimed balance of $4,116.26 plus interest, but was denied attorney’s fees. Defendant appeals and plaintiff answered the appeal requesting the judgment be amended to allow ten per cent attorney’s fees. There was also an alternative demand by defendant that the case be remanded for the introduction of further evidence.
The deed recites a consideration of $7,~ 000, of which $170 was paid in cash, and the balance was represented by a promissory note for $6830. In order to better understand how the controversy arose we find it necessary to reproduce as nearly as possible the note in question, which was on a printed form necessitating the insertion of certain words or figures in the blank spaces thereon. A typewriter was used to complete the blanks and also to add a separate provision relating to installment payment in the lower left corner of the printed form, which we show below:
“$6830.00 Homer, La. January 3, 1950_19 On the _1st_day of July, 1961_ I promise to pay to _._Mrs. Mary Traylor Odom_Or Bearer the sum of Six Thousand Eight Hundred Thirty and No/100 DOLLARS for value received with 6 per cent per annum interest from DATE until paid and ten per cent attorney’s fees if this note is collected by suit or attorney after maturity.
* (This note payable in 136 mo. instl. of $50.00 each and a final instl. of $30.00, com. Feb. 1, 1950 and on 1st day of each succeeding mo. thereafter until full amount is paid. Failure to pay any one of said instl. when due shall, at the option of the holder, render the remaining unmatured instls. on said note)
s/ J. W. Hulse_ _”
(*Parentheses and asterisk added to show that portion typed in left corner of the printed note form.)
The note was paraphed to identify it with a special mortgage and vendor’s lien and the deed made the following reference to the consideration:
“This sale is made for the consideration of the sum of Seven Thousand and No/100 Dollars, payable as follows : One Hundred Seventy — ($170.-00) Dollars cash in hand paid, the receipt of which is hereby acknowledged, and the balance in one note of said purchaser, dated with this act, to the *179 order of this vendor as follows: One note dated January 3, 1950, due July 1, 1961 for the full sum of Six Thousand Eight Hundred and Thirty Dollars ($6830.00) payable in 137 monthly installments, the first 136 instls. in amount of $50.00 each and last installment in amount of $30.00, commencing February 1, 1950 and on the 1st day of each succeeding month thereafter until full amount is paid. Failure to pay any one of said installments when due, shall at the option of the holder, render immediately due and exigible all of remaining unmatured installments on said note. Which note — bear six per cent per annum interest from date * * * >’
After paying 124 successive monthly installments of $50 each from February 1, 1950 through May 1, 1960, defendant, wishing to pay off the balance, tendered the amount of $630 as full payment of the remaining 13 installments. Plaintiff’s refusal to accept this tender was based on the claim the principal obligation was $6830, with an additional six per cent interest thereon due from the date of the note. On this basis she contends the 124 payments of $50 each were rightfully applied first to interest and then to principal under LSA-C.C. art. 2164 which provides:
“The debtor of a debt, which bears interest or produces rents, can not, without the consent of the creditor, impute to the reduction of the capital any payment he may make, when there is interest or rent due.
“Every payment which does not extinguish both the principal and the interest, must be imputed first to the payment of the interest.”
Defendant contends on the other hand interest was precalculated and included in the total amount of the note; that the typewritten provisions should prevail over the printed provisions; that such typewritten provisions provide for the payment of the “note” in specified monthly installments without any reference to “principal” only; and that payment of the installments should satisfy the obligation of $6830 in full.
In a pre-trial conference the question of whether parol evidence should be admitted was discussed and apparently the court announced its intention to exclude any such evidence which would tend to vary the contents of the written note. There was, however, a limited amount of parol evidence allowed in order to show the true intent of the parties to the transaction. In any event after the trial on the merits the lower court awarded judgment in favor of plaintiff, and in effect held the provisions of the note were unambiguous. The court reasoned the true intent of the promissory note and its obligation could be determined in the light of the provisions in the deed which reflected a total consideration of $7,000, with $170 thereof being paid in cash and the balance of $6830. The fact that revenue stamps totaling $7.70 were attached to the deed was also convincing to the judge below that the total sale price was $7,000 without any reference to 6% interest. In other words the trial judge was convinced the installment provisions typed into the note related only to the payment of the principal balance of $6830 and interest at the rate of 6% from date was payable in addition to the principal installments. Under this interpretation, he felt the 124 monthly installments previously paid by defendant should be credited first to the payment of interest and the balance to unpaid principal, and cited as authority therefor LSA-C.C. art. 2164.
We think the judgment appealed from is erroneous and should be reversed. Restricting our examination to a review of written documents, as apparently the lower court did, we think the obligation sued on is ambiguous and subject to at least two-interpretations.
First let us view the document in light of defendant’s contention. He contends the installments set forth in the typewritten portion of the note were intended to dis *180 charge the principal and interest of the note. To adopt this version it is necessary to change that portion in the printed note calling for interest from “date” to either "maturity” or "date of maturity”, otherwise the payment of all the installments obviously would not satisfy the entire debt.
Plaintiff’s version on the other hand has for its very basis the assumption that the typewritten portion of the note relative to installments pertains only to the payment of “principal”. This leads to a confusing conclusion because this portion does not limit itself to “principal” but merely provides for the payment of the “note” by installments. Further pursuing this theory, the printed portion of the note would be the only place providing for the payment of interest which is not by installment but “on the 1st day of July, 1961”.
For the above reasons we think the obligation sued on is ambiguous and not subject to interpretation without the introduction of parol and extrinsic evidence that would throw any light on the true intent of the parties. Under these circumstances the case should be remanded for the introduction of such evidence.
While we cannot foresee what type of judgment will result after the presentation of such additional testimony, we do feel it necessary to comment on at least the two basic concepts proposed by the opposing parties to this litigation. If defendant’s version be accepted, the judgment would be obvious as the total indebtedness, including interest, would be $6830. If, on the other hand, it be decided the principal amount of the note is $6830 and the installment provisions relate exclusively to the payment of “principal”, the note would draw 6% interest from date, but such interest would not be “due” until July 1, 1961, which would make inapplicable LSA-C.C. art. 2164, relied on by the lower court.
Of course, after additional evidence is offered the trial court may, in reforming the instrument to comply with the true intent of the parties, arrive at a conclusion not in exact conformity with either of the two general versions outlined herein. We merely point out these two possible interpretations because we feel the court fell into error in applying LSA-C.C. art. 2164 to the facts as previously found.
For the reasons stated, the judgment appealed from is annulled and set aside and the case is remanded to the lower court for further proceedings consistent with law and the opinions expressed herein. The costs of this appeal are assessed against plaintiff, all other costs to await the final determination of the case.
Reversed and remanded.