GLADNEY, Judge.
This cause was previously considered by this court, 153 So.2d 177, and remanded for further evidence. Subsequently in the trial court testimony was added to the original record but in our opinion without materially affecting the issues of the case. Foras-much as our reported opinion sets forth the salient facts in the case it is unnecessary to repeat or supplement the statement of the case which appears therein. After the re *148 mand to the trial court, judgment was rendered in favor of plaintiff in the sum of $4,116.26 with 6% per annum interest from June 1, 1960 until paid and recognized the resulting mortgage and vendor’s privilege. The decree rejected the claim for attorneys’ fees. The defendant has appealed and plaintiff has answered the appeal seeking an amendment to the judgment to provide for payment of attorneys’ fees.
The act of sale and mortgage between Mrs. Mary Traylor Odom, vendor, and J. W. Hulse, vendee, was a notarial act and authentic in form, bearing date of January 3, 1950 and was identified with a note of even date for the unpaid portion of the purchase price of certain property situated in Haynesville, Louisiana, the sum of $6,-830.00, which was made payable in 136 monthly installments of $50.00 each on February 1, 1950 and on the first of each succeeding month thereafter with a final or 137th installment of $30.00. The maturing date of the note was fixed as the first day of July, 1961. The obligation required the payment of 6% per annum interest from date until paid and 10% attorneys’ fees “ * * * jf this note is collected by suit or attorney after maturity.”
It is to be observed that the time of payment of interest was not fixed prior to July 1, 1961. It seems clear that Hulse contracted to pay a certain sum in a specific manner at the rate of 6% per annum interest together with attorneys’ fees as specified. The evidence added to the record upon the remand for the purpose of ascertaining the intent of the parties indicates that both parties to the transaction intended that the purchaser-debtor was not to be required by the vendor-creditor to pay a larger sum than $50.00 per month on the principal obligation, and interest was to be paid at the convenience of the purchaser subject only to the restriction that the entire debt would mature on July 1, 1961. Appellant’s most serious contention is that the principal amount of the note, $6,380.00, included interest. Manifestly such an interpretation is in direct conflict with the recitals of the authentic act and the terms of the note.
Consistent with our findings as hereinabove stated, we have reached the same conclusion as did the trial judge, excepting only we are of the opinion that there should be an allowance for attorneys’ fees, and further, that the provision on the judgment for interest should be amended. It is our appreciation of the finding of the trial court that the sum of $4,116.26 includes the sum of $630.00 due for principal and $3,486.26 for interest. The obligation, in our opinion, does not require the debtor to pay interest on interest.
The judgment as so amended will be recast to read:
It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Mrs. Mary Traylor Odom, and against the defendant, J. W. Hulse, in the full sum of $630.00 as principal, together with interest thereon at the rate of 6% per annum from and after January 3, 1950 until paid, and,
It is further ordered that there be judgment for an additional sum of interest at the rate of 6% per annum on the sum of $6,200.00 from and after January 3, 1950, until paid, subject to credits of 124 monthly payments of $50.00 each on the principal of said note, made as of February 1, 1950, and on the first day of each succeeding month thereafter.
It is further ordered that there be judgment for attorneys’ fees of 10% on said principal and interest.
It is further ordered, adjudged and decreed that there be judgment herein recognizing and maintaining plaintiff’s, Mrs. Mary Traylor Odom’s, special lien and privilege and mortgage and vendor’s privilege under that certain credit deed dated *149 January 3, 1950, filed for record on January 3, 1950, under File No. 184310, recorded on Page 398 of Book 179, Conveyance Records, and Page 477 of Book XX, Mortgage Records, and re-filed on May 4, 1960, under File No. 223533, recorded on Page 109 of Book 64, Mortgage Records, Claiborne Parish, Louisiana, covering the following described property:
Lots One (1) and Two (2) in Block Two (2) of the Miller Addition to the Town of Haynesville, Louisiana, as per plat and survey of said Miller Addition, said survey being recorded in the Recorder’s Office of Claiborne Parish, Louisiana, in Book 28, Page 244, to which reference for further description is hereby made, said Miller Addition being located in NW J4 of the NW 14 of Section 30, Township 23 North, Range 7 West; with all and singular the improvements thereon,
securing said amount of principal and interest.
Appellant is cast for all costs, including costs of this appeal.